FILED
CLERK, U.S. DISTRICT COURT
JUN 1 2012
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

1  CHRISTOPHER VAN GUNDY (SBN 152359)
   cvangundy@roll.com
2  DANIELLE M. CRIONA (SBN 204074)
   dcriona@roll.com
3  MICHAEL M. VASSEGHI (SBN 210737)
   mvasseghi@roll.com
4  ROLL LAW GROUP PC
   11444 West Olympic Boulevard, 10th Floor
5  Los Angeles, California 90064-1557
   Telephone: 310-966-8400
6  Facsimile:  310-966-8810
7  Attorneys for Plaintiffs
   Paramount Farms International LLC and
   Cal Pure Pistachios, Inc.
8
9  DAVID N. MAKOUS (SBN 82409)
   makous@lbbslaw.com
10 MINA I. HAMILTON (SBN 213917)
   hamilton@lbbslaw.com
11 LEWIS BRISBOIS BISGAARD & SMITH LLP
   221 North Figueroa Street, Suite1200
12 Los Angeles, CA 90012
   Telephone: (213) 250-1800
   Facsimile:  (213) 250-7900
13
14 JAN L. KAHN (SBN 55788)
   jkahn@kschanford.com
15 KAHN SOARES & CONWAY LLP
   219 N. Douty St.
16 Hanford, CA 93230
   Telephone: (559) 584-3337
17 Facsimile:  (559) 584-3348

Attorneys for Defendant
Keenan Farms, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT FARMS INTERNATIONAL LLC, a Delaware limited liability company, and CAL PURE PISTACHIOS, INC., a California Nonprofit Cooperative Association,<br><br>Plaintiffs,<br><br>v.<br><br>KEENAN FARMS, INC., a California corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV12-1463 SVW (Ex)<br><br>Honorable Stephen V. Wilson<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

{063625.1}

STIPULATED PROTECTIVE ORDER

The parties have stipulated to a Protective Order as follows:

### A. LIMITED SCOPE OF ORDER

1. In the above-captioned action (the "Action"), the parties expect to exchange confidential and highly confidential information regarding their respective products and businesses. The parties have stipulated to the entry of this protective order (the "Order") governing the exchange and use of confidential and highly confidential documents and information in discovery. This Order does not govern or restrict the use of any document or information (including information designated as "Confidential" or "Highly Confidential" under this Order) at trial in any manner whatsoever. Neither the designation of information as "Confidential" or "Highly Confidential" by either party nor any provision within this Order shall be construed as a concession by the non-producing Party that the information is, in fact, confidential, relevant or material to any issue.

2. Further, this Order does not affect the burden of proof that must be met by a party seeking to protect confidential documents or information that is filed in the court records in this case.

3. Nothing in this Order shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from the use or disclosure of information that is publicly known. Further, nothing in this Order restricts the ability of any party to use or disclose its own confidential material as it deems appropriate.

### B. GOOD CAUSE STATEMENT

4. In discovery in this case, the parties will likely be required to exchange competitively sensitive information about their business activities to which the opposing party and third parties would not otherwise have access, including but not limited to information regarding the parties' financials, forward-looking plans and strategies, and analyses of competitive markets. Allowing the receiving party or third

parties to see, use, or disclose such competitively sensitive information could cause harm to the competitive position of the disclosing party. The parties seek the entry of this Order to prevent such harm from the disclosure of confidential information produced in discovery during this Action.

5. No document, information or thing shall be designated "Confidential" or "Highly Confidential" unless good cause exists for such designation under the relevant and applicable legal authority.

6. The parties shall use reasonable efforts to minimize the amount of material designated as "Confidential" or "Highly Confidential."

7. This Order applies to such "Confidential" and "Highly Confidential" information furnished in this litigation regardless of the form in which it is transmitted and regardless of whether the information is furnished by a party or third party. Such information may be contained in documents, written discovery responses, declarations, deposition testimony, exhibits, and other materials or testimony provided by any party or third party during this Action. Such materials are collectively referred to as "Discovery Materials" in this Order.

## C. PROCEDURE FOR DESIGNATION

8. "Designating Party" may designate Discovery Materials "Confidential" or "Highly Confidential" by taking the following actions:

(a) With respect to documents, discovery responses or other written materials furnished by the Designating Party in paper, as electronic images, or in any other form in which it is possible to add a legend to each page, the Designating Party may designate the material "Confidential" by stamping, inscribing or otherwise marking or designating on each page of a document containing Confidential Information the words **"CONFIDENTIAL"** The Designating Party may designate the material "Highly Confidential" by stamping, inscribing or otherwise marking or designating on each page of a document containing Highly Confidential Information the words

**"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."** Documents produced as electronic images shall be marked in accordance with this paragraph 8(a).

(b)     With respect to "Confidential" or "Highly Confidential" information furnished by the Designating Party in a non-paper medium, including, without limitation, video or audio tape, computer discs, CD-ROMs, and DVDs, etc., the Designating Party may designate such information therein as "Confidential" or "Highly Confidential" by affixing the appropriate legend to the outside of the medium or container.

9.     With respect to deposition testimony or other oral testimony to be recorded in a written transcript, the Designating Party may designate information as "Confidential" or "Highly Confidential" by making a statement on the record to that effect during the deposition or proceeding at issue. The court reporter shall separately bind the designated portion of the deposition transcript and all designated exhibits. The separately bound deposition material shall be marked in accordance with its designation, as either **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"**

10.     Clawback Provision: Any Party's inadvertent or unintentional failure to designate Confidential or Highly Confidential Information shall not be deemed a waiver in whole or in part of that Party's claim of confidentiality, as long as the disclosing party notifies all Parties in writing that such constitutes confidential information within a reasonable time after learning that the information was inadvertently or unintentionally produced without an appropriate confidentiality designation. Designations made after a deposition shall be made by written notice served on all counsel of record, identifying the specific portion (by page and line numbers) that the Designating Party seeks to protect, and all parties to the litigation will mark the pages with the appropriate legends.

### D.  USE AND DISCLOSURE OF DESIGNATED MATERIAL

11.  Information and materials designated "Confidential" or "Highly Confidential" shall be used only for prosecuting or defending this Action, A party using, disseminating or distributing "Confidential" or "Highly Confidential" information disclosed by the opposing Party or any third party for any purpose other than for use in connection with this Action may be subject to sanctions (including, without limitation, monetary, evidentiary or terminating sanctions, at the Court's discretion), as well as potentially subject to any disciplinary or other applicable legal proceedings.

12.  Information and materials designated **"CONFIDENTIAL"** may only be viewed by following individuals:

(a)  The recipient party and officers, directors and/or employees of the recipient party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

(b)  Counsel representing the parties in the Action, and paralegal and clerical staff (whether employees or independent contractors) who are assisting in this litigation;

(c)  Court staff, court reporters and videographers involved in this litigation;

(d)  Independent consultants or experts retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition, so long as they sign a statement agreeing to abide by the terms of this Order, in the form set forth in Exhibit A;

(e)  Third-party witnesses during the course of their depositions and otherwise provided that (1) the third party or witness previously created, generated or received the Discovery Material before the Action commenced; or (2) before disclosure of the "Confidential Information" counsel for the parties agree the "Confidential Information" may be shown to the deponent; or (3) the Court has

determined that the "Confidential Information" may be shown to the deponent in ruling on a party's objection pursuant to Central District Local Rule 37. Unless the third party or witness previously created, generated or received the Discovery Material, a third-party witness shall not be shown the Discovery Material unless or until the witness signs a statement agreeing to abide by the terms of this Order, in the form set forth in Exhibit A. This requirement for party agreement or Court determination does not apply to expert witnesses or consultants.

13. Information and materials designated **"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"** may only be viewed by:

(a) Counsel of record representing the parties in the Action, and paralegal and clerical staff (whether employees or independent contractors) who are assisting in this litigation;

(b) One designated Internal Counsel employed by each party (or party affiliate), so long as such Internal Counsel serves only as an internal counsel and is not an officer, director or otherwise involved in the business management of the party and so long as he or she provides opposing counsel with a declaration under penalty of perjury in the form of Exhibit B;

(c) Court staff, court reporters and videographers involved in this litigation;

(d) Independent consultants or experts retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition, so long as they sign a statement agreeing to abide by the terms of this Order, in the form set forth in Exhibit A. "Highly Confidential" information shall not be shared with an expert or consultant retained by the non-designating party who has provided, is providing, or is expected to provide any services to any business unit of the retaining party, unless one of the three conditions set forth in subparagraph (e) is met.

    (e) Party or third-party witnesses during the course of their depositions and otherwise provided that (1) the third party or witness previously created, generated or received the Discovery Material before the Action commenced; or (2) before disclosure of the "Highly Confidential" information counsel for the parties agree the "Highly Confidential" information may be shown to the deponent; or (3) the Court has determined that the "Highly Confidential" information may be shown to the deponent in ruling on a party's objection pursuant to Central District Local Rule 37. Unless the third party or witness previously created, generated or received the Discovery Material, a third-party witness shall not be shown the Discovery Material unless or until the witness signs a statement agreeing to abide by the terms of this order, in the form set forth in Exhibit A. This requirement for party agreement or Court determination does not apply to expert witnesses or consultants of the non-designating party, except for those who have ever provided, are currently providing, or are expected to provide any services to any business unit of the retaining party.

    14. If Counsel of record for any party to this Action has any ownership interest in any party to this Action, such Counsel will not have access to or be allowed to review any material marked as "Highly Confidential."

    15. No person or entity receiving "Confidential" information shall discuss, disseminate, or disclose the "Confidential" information to any person or entity not listed above in paragraph 12. No person or entity receiving "Highly Confidential" information shall discuss, disseminate, or disclose the "Highly Confidential" information to any person or entity not listed above in paragraph 13. Any person or entity receiving "Confidential" or "Highly Confidential" information shall take measures available to him or her to ensure that no unauthorized person or entity is able to obtain access to the "Confidential" or "Highly Confidential" information. The provisions of this paragraph, however, do not apply to the Court or to Court personnel.

    16. Nothing in this Order affects or limits the producing party's use of its own "Confidential" or "Highly Confidential" information or "Confidential" or

"Highly Confidential" information it has created, lawfully possessed or independently generated or discovered, regardless of whether the information is thereafter designated as **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"**

### E. FILING OF DESIGNATED MATERIAL IN PRE-TRIAL PROCEEDINGS

The parties must comply with Local Rule 79-5 for filing "Confidential" or "Highly Confidential" information with the Court in any pre-trial proceeding in this Action. If a party files or seeks to file with the Court material that another party has designated "Confidential" or "Highly Confidential" under this Order, the filing party shall simultaneously file an application to seal the records pursuant to Local Rule 79-5, Local Rule 37, and any other applicable rules and orders that references this Order and that specifically sets forth the terms of this paragraph. In doing so, the filing party shall only seek to file under seal the portion of such material that is "Confidential" or "Highly Confidential."

### F. CHALLENGES TO DESIGNATION

17. A party may challenge the designation of any material as "Confidential" or "Highly Confidential" under this Order under the procedures set forth in Local Rules 37-1 through 37-4. If the parties are unable to resolve the issue informally pursuant to 37-1, the challenging party may move for an order granting access to the information under less burdensome conditions pursuant to the procedures set forth in Local Rules 37-2 through 37-4. In making or opposing any motion relating to the designation of confidential information, the party seeking to maintain a document as confidential shall bear the burden of showing specific prejudice or harm will result if a protective order is not granted.

18. This Order is without waiver of or prejudice to, and specifically reserves the rights and remedies of any party to apply in writing to the Court for a determination, for sufficient cause shown, that: (a) persons not provided for in this

Order may or may not receive "Confidential" or "Highly Confidential" information; or (b) this Order be modified or vacated. Any application for relief pursuant to this section shall be made only after reasonable efforts to meet and confer in good faith have been unsuccessful, and must comply with Local Rules 37-1 to 37-4 or other applicable rule.

### G.  SUBPOENA IN ANOTHER ACTION

19.  In the event any person, party or entity having possession, custody or control of any "Confidential" or "Highly Confidential" information receives a subpoena or other process or order to produce the "Confidential" or "Highly Confidential" information, that person or party shall, within five (5) business days:

(a)  notify, in writing, the attorneys of record of the Designating Party;

(b)  notify, in writing, the attorneys of record, or other representatives if there is no attorney of record, of all persons having an interest in maintaining the confidentiality of the "Confidential" or "Highly Confidential" information and who are known to the recipient of the subpoena, process or order;

(c)  furnish all persons notified pursuant to subsections (a) and (b) above, a copy of the subpoena or other process or order; and

(d)  provide reasonable cooperation with respect to all procedures set forth in the Order for the protection of the "Confidential" or "Highly Confidential" information.

20.  If after receiving the notification set forth in paragraph 20 the Designating Party desires to prevent or limit the requested production of "Confidential" or "Highly Confidential" information, it will be the responsibility of the Designating Party to move to quash or modify the subpoena, or otherwise resolve the issue with the subpoenaing party.

### H.  TERM OF ORDER

21.  This Order does not govern or restrict the use of any otherwise admissible document or information (including information designated as

{063625.1}

"Confidential" or "Highly Confidential" under this Order) at trial in any manner whatsoever. When and if the Action proceeds to trial, all of the otherwise admissible documents and information to be used at trial as determined by stipulation or by the court and subject to any evidentiary or other determinations or orders by the court will be available to all members of the public, including the press.

22. The designation of any information, documents, or things as "Confidential" or "Highly Confidential" information pursuant to this Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at the trial of this litigation. Nothing in this Order shall preclude any party from seeking confidential treatment from the Court with respect to such information, documents, exhibits, or things or from raising any available objections including, without limitation, objections concerning admissibility, materiality, and privilege. The parties to this Order expressly reserve their rights to object to the manner in which "Confidential" or "Highly Confidential" information may be used in an evidentiary hearing or at trial. Special procedures or *in camera* treatment, if any, shall be determined in the future in compliance with any applicable rules and orders.

23. If the Action is concluded before trial is commenced, the Order shall remain in full force and effect after such conclusion and the Court shall retain jurisdiction to enforce its terms. In such a case, all materials, including copies, containing information designated as "Confidential" or "Highly Confidential" information shall be returned to the Producing Party, or shall be disposed of in a manner assuring its confidential destruction, within the following time period: within 30 days after final termination of this Action either by consensual dismissal with prejudice, after final appellate review has been obtained, or after the time for appeal has lapsed without the filing of an appeal by either of the parties. Each party shall provide to the Designating Party a declaration certifying compliance with this paragraph.

{063625.1}

## I.  NO WAIVER

24. The disclosure of "Confidential" or "Highly Confidential" information pursuant to discovery or the procedures set forth in this Order shall not constitute a waiver of any trade secret or any intellectual property, proprietary, privacy or other rights to or in such information.

25. The inadvertent disclosure of information protected by the attorney-client, work product, or other applicable privilege or protection in this Action shall not constitute a waiver of any valid claim of privilege. Further, failure to assert a privilege in this Action as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter, unless the producing party seeks to use or rely upon the privileged material in this Action. A party that discovers that it has inadvertently produced privileged information shall promptly request its return. The privileged documents together with all copies thereof shall be returned forthwith to the party claiming privilege. Any notes or other work product made from the documents in question (or their contents) shall be returned along with the documents themselves or destroyed, pursuant to paragraph 28 below. The party claiming privilege shall thereafter promptly produce a privilege log listing the documents in question and any other party shall thereafter have the right to challenge the assertion of privilege by motion or any other appropriate means.

26. A party who receives apparently privileged materials from the producing party, upon understanding that the document may be privileged or contain confidential attorney work product, must act as follows:

    (a) Cease review of the document.

    (b) Immediately notify opposing counsel by phone and email of the potentially privileged document, taking all reasonable measures to reach opposing counsel. The reviewer must follow such counsel's instructions regarding the disposition of the material. The reviewer must also completely refrain from using the material until

instruction by opposing counsel is received, which may include returning the document and all copies, and removal of the document from electronic databases with confirmation by the producing party.

   (c) Until such time that the reviewer receives instructions from opposing counsel, the reviewer may not share the document or its contents with other persons. The reviewer may notify supervising attorneys that a potentially privileged document may exist, without sharing its contents, and otherwise advise them or receive advice from them regarding the circumstances.

   (d) If the producing party claims the privilege it shall thereafter promptly add the document(s) in question to its privilege log and any other party shall thereafter have the right to challenge the assertion of privilege by motion or any other appropriate means.

 The Court approves the foregoing Protective Order submitted by the parties, and its terms shall govern all information disclosed and documents and data produced in this Action.

Dated: May 24, 2012   ROLL LAW GROUP P.C.

By:  /s/ Michael M. Vasseghi
   MICHAEL M. VASSEGHI
   Attorneys for Plaintiff
   PARAMOUNT FARMS
   INTERNATIONAL LLC and CAL PURE
   PISTACHIOS, INC.

Dated: May 24, 2012   LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  /s/ Mina I. Hamilton
   MINA I. HAMILTON
   Attorneys for Defendant
   KEENAN FARMS, INC.

1 | Dated: May 24, 2012                KAHN, SOARES & CONWAY LLP

By: _/s/ Jan L. Khan_
JAN L. KAHN
Attorneys for Defendant
KEENAN FARMS, INC.

**IT IS SO ORDERED.** 6/1/12

_____
HON. CHARLES F. EICK
United States Magistrate Judge

{063625.1}

- 12 -
STIPULATED PROTECTIVE ORDER

**PROTECTIVE ORDER EXHIBIT A**

My name is _____.

I work for _____.

My business contact information is:

_____

_____

_____

    I have read the attached Stipulated Protective Order ("Order") entered by the Court in the matter of <u>PARAMOUNT FARMS INTERNATIONAL LLC v. KEENAN FARMS, INC.</u>, et al., United States District Court, District of California, Case No. CV12-1463 SVW (Ex).

    I understand the responsibilities and obligations the Order imposes on me regarding **"Confidential"** or **"Highly Confidential"** information I obtain in this action.

    I agree to be bound by all of the provisions of the Order.

    I certify that (strike the inaccurate sections of this clause, if any):

    I did not receive any "Confidential" or "Highly Confidential" information before signing this Exhibit A;

    I meet all requirements for receipt of information and other material designated as "Confidential" or "Highly Confidential" information, pursuant to the Order;

    I am not directly employed by any party to this action;

    I am not under contract with any party to this action for any purpose other than this action.

    I have received a copy of the Order, including an executed copy of this Exhibit A, for my personal use and reference.

    I understand that the Court in this matter has the power to enforce the Order including, but not limited to imposing penalties and/or sanctions on anyone who violates the Order.

    I agree to submit to the jurisdiction of the United States District Court, District of California, in matters relating to this Order.

Signature: _____

Date: _____

Print Name: _____

## PROTECTIVE ORDER EXHIBIT B

**DECLARATION OF** _____

1. I serve as an internal counsel _____ ("Party"). My title is _____ and my employer is _____ ("Employer"). I am a licensed attorney in the state(s) of _____. In my role as internal counsel, I have responsibility for directing, overseeing, or otherwise participating in the litigation of this matter. I do not have any ownership interest in the entity that I represent.

2. By signing below, I agree that I will not use, convey or distribute any information learned as a result of the receipt or review of documents (or other information) pursuant to this Order for any purpose relating to Party's sales, marketing, pricing, product design, product research and development, competition, employment, or any other business decision, unless expressly authorized by this Protective Order or any other Court order.

3. I agree to abide by the terms of the Protective Order ("Order") entered in this action on _____, and I have informed management and other relevant Party employees of my duties under that Order.

4. "Highly Confidential" information produced by the opposing party or any third party in this action will be stored in a manner in which it will not be accessible to any person other than those listed in paragraph 13 of the Order. Specifically, all data stored on DVDs, CDs or external drives is password protected and accessible only to those persons identified in paragraph 13 of the Order. Similarly, the database which stores the produced documents is password protected and only accessible to those persons identified in paragraph 13 of the Order. I am familiar with the controls that are in place to prevent disclosure to or access by any person other than those listed paragraph 13, and I will take measures available to me to enforce those controls and to ensure that they remain in place including, but not limited to, asking all persons with access to the "Highly Confidential" information to read the Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this Declaration is made on _____ at _____.